UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHEUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF VETERAN AFFAIRS,<br><br>    Defendant. | No. 2:23-cv-1731 DJC AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Before the court is defendant's motion to dismiss plaintiff's claims of disability discrimination, age discrimination, and whistleblower retaliation. ECF No. 19. Plaintiff opposed the motion. ECF Nos. 23, 25. For the reasons that follow, the undersigned recommends plaintiff's claims based on disability discrimination, whistleblower retaliation, and age discrimination be dismissed for failure to state a claim upon which relief may be granted. Plaintiff also brought a race discrimination cause of action, which is not addressed in the motion to dismiss.

**I. Background**

A. Procedural Background

Plaintiff was employed by defendant, the Department of Veterans Affairs, as a Supervisory Staff Pharmacist until his termination on June 17, 2022. ECF No. 1 at 16, 18.

1

1  Defendant removed plaintiff from his employment under the authority of 38 U.S.C. § 714. Id. at
2  14. Plaintiff timely appealed this decision to the Merit Systems Protection Board ("MSPB"). Id.
3  at 18. The MSPB heard the case November 1-3, 2022. Id. Before the MSPB, plaintiff presented
4  two affirmative defenses to his removal: (1) discrimination based on race, and/or (2)
5  discrimination based on age, which he was required to prove by a preponderance of the evidence.
6  Id. at 14-15. The MSPB ruled that plaintiff failed to meet his burden of proof with respect to
7  these defenses and that the Department proved its charges by substantial evidence. Id. at 19, 39,
8  45, 51, 57, 61 (relevant portions of MSPB's order).

Plaintiff filed an appeal to the United States Court of Appeals for the Federal Circuit. Id.
at 4-73. The Federal Circuit court directed the parties to show cause and explain whether the case
should be dismissed or transferred to a United States district court, where the case could have
been brought. Id. at 155. Pursuant to 28 U.S.C. § 1631, the Federal Circuit court ordered this
"mixed case" transferred to this court, the United States District Court for the Eastern District of
California. Id. at 228.

      B. The Complaint

The initial complaint for this case is plaintiff's appeal from the MSPB's decision in case
number SF-0714-22-0470-I-1, issued December 12, 2022. ECF No. 1 at 12-73. As part of the
appeal initially filed with the Federal Circuit, plaintiff submitted a "Fed. Cir. R. 15(c) Statement
Concerning Discrimination," which indicated that the MSPB decision dealt with employment
discrimination claims and that he did not wish to abandon these claims. Id. at 142-44. After the
case was transferred to this court, plaintiff filed a First Amended Complaint ("FAC") against
Defendants alleging claims for: (1) disability discrimination under the ADA, (2) race
discrimination under Title VII, (3) age discrimination Under Title VII, and (4) whistleblower
retaliation. ECF No. 12 at 2-6.

About a month later, plaintiff filed a document entitled "Addition to Include Additional
Request for Relief" in which he wrote a single sentence: "6. Punitive Damages amount of one
point five million dollars." ECF No. 13 at 1. Included in this filing were four civil "check the
box" cover sheets, on which boxes were checked for the following causes of action: "Due Process

(5th Amendment)/ Bill of Rights," "42 U.S.C. § 12117/ disability discrimination under American with Disabilities Act," "Age Discrimination Employment Act," "Title VII," "Performance Rating Act of 1950," and "Negligence and Intentional Misconduct/Tort Claims Act." Plaintiff also included an addendum to his statement of facts. ECF No. 13 at 6-14.

These documents were incorrectly docketed as a "Second Amended Complaint." It does not appear to the undersigned that the filing at ECF No. 13 was intended to replace the First Amended Complaint. See ECF No. 13. Instead, it appears plaintiff intended to supplement his First Amended Complaint with a prayer for punitive damages and additional factual allegations in support of plaintiff's claims. Accordingly, the First Amended Complaint, ECF No. 12, remains the operative pleading in this case. The undersigned has fully reviewed the contents of ECF No. 13 and has considered it in evaluating the propriety of leave to amend.

### C. Motion to Dismiss

Defendant moves to dismiss all of plaintiff's claims *except* for the Title VII race discrimination claim. ECF No. 19. Defendant seeks dismissal of plaintiff's disability discrimination and whistleblower retaliation claims arguing that the court lacks jurisdiction because plaintiff failed to raise these claims before the MSPB, and therefore did not exhaust his administrative remedies as required by law. ECF No. 19-1 at 2. Defendant seeks dismissal of plaintiff's age discrimination claim arguing plaintiff failed to state a claim upon which relief may be granted. Id. Defendant also addresses claims identified in the cover sheets included in the filing at ECF No. 13, and argues that plaintiff's constitutional and tort claims should be dismissed because "Title VII provides the sole remedy for federal employees challenging workplace discrimination." Id. at 7. Finally, defendant argues that to the extent the court considers the claims identified in the various civil coversheets attached at ECF No. 13, those claims should be dismissed because plaintiff has not pled exhaustion of this claim, as required under the Federal Torts Claims Act. Id. at 7-8.

In opposition, plaintiff does not dispute his failure to raise a whistleblower retaliation claim before the MSPB but argues that he did present a disability claim, referring to discovery responses. ECF No. 23 at 2. He argues he just did what his lawyer told him to do during the

1  MSPB case. Id. Plaintiff then addresses his race discrimination claims, id. at 2-3, which are not
2  at issue in defendant's motion to dismiss. He does not address any of the other claims at issue in
3  the motion to dismiss. Plaintiff also references and attaches 18 exhibits. Id. at 2-181.

## II. Legal Standards

### A. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction 21-1920

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

### B. Rule 12(b)(6) – Failure to State a Claim

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, Reform 1448 (9th Cir. 1987).

### C. Civil Service Act

The Civil Service Reform Act ("CSRA") limits federal employees challenging their supervisors' "prohibited personnel practices" to an administrative remedial system. If the conduct an employee challenges falls within the scope of the CSRA's "prohibited personnel practices," the CSRA's administrative procedures are the employee's only remedy. Orsay v.

5

United States Dep't of Justice, 289 F.3d 1125, 1128 (9th Cir. 2002) (abrogated on other grounds by Millbrook v. United States, 569 U.S. 50 (2013)); see also Collins v. Bender, 195 F.3d 1076, 1079 (9th Cir. 1999) ("[E]ven if no remedy were available to [the employee] under the CSRA, he still could not bring [his] action if the acts complained of fell within the CSRA's confines."); Saul v. United States, 928 F.2d 829, 835–43 (9th Cir. 1991) (holding the CSRA precludes both constitutional and common-law tort claims). "When an employee complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination [in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or the Fair Labor Standards Act of 1938], she is said (by pertinent regulation) to have brought a 'mixed case.'" Kloeckner v. Solis, 568 U.S. 41, 44 (2012); see also Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 426 (2017). The MSPB "may provide a final decision on both parts of the employee's mixed case." Crowe v. Wormuth, 74 F.4th 1011, 1024 (9th Cir. 2023)(citing 5 U.S.C. § 7702(a)(1)).

After the MSPB provides a final decision on a mixed case, the employee may bring his case in the appropriate federal district court. Id. "[A]n employee who pursues a mixed case in the MSPB and who seeks judicial review in district court must first exhaust any theories of discrimination as to adverse employment actions over which the MSPB would have had jurisdiction." Id. at 1034. "To hold otherwise would compromise the statutory scheme." Id. "If an employee could bolster his mixed case with new theories never presented to the MSPB, the CSRA's extensive framework of administrative review would be rendered irrelevant as soon as the employee moved on to federal court." Id.

### III. Analysis

A. Plaintiff Failed to Exhaust Administrative Remedies

Plaintiff does not dispute that he did not present his whistleblower retaliation claim to the MSPB. ECF No. 23 at 1-10. He does assert that he "did state claims and made aware of disability discrimination to the USA Merit System Protection Board," and references his Exhibit 1, responses to the defendant's discovery in the MSPB case. ECF No. 23 at 1, 15-37. The documents plaintiff references in his opposition are inapposite. Plaintiff does not identify the

actual location of the notice regarding disability, and even if he did, it would not suffice that plaintiff mentioned disability in discovery. During an August 10, 2022 telephonic status conference with the MSPB Administrative Judge, Cheung made clear that he was pursuing only the race (Chinese) and age (over 40) discrimination as affirmative defenses and he expressly withdrew affirmative defenses of sex discrimination, national origin discrimination, and EEO retaliation. ECF No. 19-2 at 67-70. Finally, it is clear from the MSPB's decision (ECF No. 19-2 at 4-57) that disability discrimination was not at issue in the case presented to the MSPB.

Because plaintiff did not present the disability or whistleblower retaliation claims to the MSPB, he did not exhaust his administrative remedies as to those issues and the federal court cannot hear the claims. These claims must be dismissed. "Having chosen to challenge his termination in a mixed case appeal before the MSPB, [plaintiff] was required to raise before that body all theories of discrimination that he believed applied to that appealable personnel decision." Crowe, 74 F.4th at 1034. The motion to dismiss must be granted as to these two claims.

B. Plaintiff Fails to State an Age Discrimination Claim

Defendant contends that plaintiff fails to state an age discrimination claim for two reasons. First, the Age Discrimination in Employment Act ("ADEA"), not Title VII (the statute relied on by plaintiff), prohibits age discrimination. Second, defendant asserts the age discrimination claim fails because Cheung fails to state a prima facie case; in particular, he fails to allege that he was replaced by a substantially younger employee with equal or inferior qualifications.

Defendant is correct that the ADEA, not Title VII, provides the cause of action plaintiff is trying to assert. In light of plaintiff's pro se status and in the interest of justice, the undersigned will review the claim as though it was labeled an ADEA claim. The ADEA makes it unlawful "to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). The Ninth Circuit has explained that ADEA claims based on circumstantial evidence of discrimination are evaluated by using the three-stage burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008). Pursuant to this framework, the employee must first establish a prima facie case of age discrimination. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000). "To

establish a prima facie case using circumstantial evidence, the employees must demonstrate that they were (1) members of the protected class (at least age 40); (2) performing their jobs satisfactorily; (3) discharged; and (4) replaced by substantially younger employees with equal or inferior qualifications." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000).

Plaintiff's complaint and other filings fail to establish a prima facie case of age discrimination. In the operative amended complaint, plaintiff writes under the heading "Age Discrimination Under Title VII" the following: "Mark Lee over 50 leaving[;] Daniel Sandy over 50 leaving[;] Sian Carr Lopez over 50 leaving[.]" ECF No. 12 at 6. The complaint does not present any facts related to age discrimination against plaintiff. ECF No. 12. In his opposition to defendant's motion to dismiss, plaintiff writes "I was discriminated due to race, age, national origin and disability." ECF No. 23 at 3. Though plaintiff makes the conclusory assertion that he was discriminated against based on age, and though plaintiff provides many allegations regarding his employment experience, he does not allege any facts showing that his age was related to his discharge. Id. at 3-10. Defendant is correct that plaintiff alleges no facts showing that he was replaced by a substantially younger employee with equal or inferior qualifications. See Coleman, 232 F.3d 1271. For these reasons, plaintiff has not presented a prima facie claim under the ADEA. Plaintiff's age discrimination claim should therefore be dismissed.

### C. Remaining Claims and Leave to Amend

Defendants did not move to dismiss plaintiff's claim of race discrimination under Title VII, and that the case proceeds on that claim.

With respect to the defective claims, the undersigned recommends that plaintiff not be granted leave to amend. A pro se litigant "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Colbert v. Borg, 967 F.2d 585, 585 (9th Cir. 1992) (quoting Noll v. Carlson, 802 F.2d 1446, 1448 (9th Cir. 1987). Due to a lack of familiarity with the law, the rule "'favoring liberality in amendments to pleadings is particularly important for the pro se litigant.'" Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting Noll, 802 F.2d at 1448).

////

Here, leave to amend would be futile. Amendment cannot cure the failure to exhaust administrative remedies that prevents this court from hearing plaintiff's whistleblower retaliation and disability claims. As to the age discrimination claim, it is apparent from a review of the amended complaint, plaintiff's supplemental facts, opposition to the motion to dismiss, and other filings that he cannot state a prima facie claim. Plaintiff has presented the court with several detailed narratives of the discrimination he allegedly experienced, and the only fact in any of them that is relevant to age discrimination is the fact that plaintiff is over 40. See ECF Nos. 12, 19-2, 23. Meeting the ADEA's age threshold is not enough to state a claim. Accordingly, amendment would be futile.

## V. Pro Se Plaintiff's Summary

The magistrate judge is recommending that your disability discrimination and whistleblower retaliation claims be dismissed because you failed to present those claims to the MSPB. The magistrate judge is also recommending that your age discrimination claim be dismissed for failure to state a claim upon which relief may be granted. It is not recommended that you be given leave to amend any of these claims. However, your Title VII race discrimination claim will go forward. You have 21 days to object to these recommendations if you choose to do so. After the 21 days, these recommendations will be given to the district judge for a final decision.

## VI. Conclusion

The undersigned recommends that defendant's motion to dismiss (ECF No. 19) be GRANTED and that plaintiff's claims of age discrimination, disability discrimination, and whistleblower retaliation be dismissed without leave to amend. If this recommendation is adopted, the case will proceed on plaintiff's claim of race discrimination under Title VII.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 23, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE